IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ONE BANK & TRUST, N.A.                                                    PLAINTIFF

V.                              4:09CV00525-WRW

THE LARRY MCNEILL IRREVOCABLE
LIFE INSURANCE TRUST and LARRY R.
MCNEILL, Individually                                                     DEFENDANTS

### ORDER

Pending is Plaintiff's Motion for Summary Judgment (Doc. No. 18).  Defendants have responded,[1] and Plaintiff has replied.[2]  Based on the findings of fact and conclusions of law below, the motion is DENIED.

**I.    BACKGROUND**

James McNeill is the trustee of the Larry McNeill Irrevocable Life Insurance Trust ("the Trust"), which was incorporated in Utah.[3]  Larry McNeill's family members were beneficiaries of the Trust.  As the creator of the Trust, Larry McNeill could borrow from the Trust.[4]  On September 5, 2007, Plaintiff loaned the Trust $2,123,717.33.  James McNeill, as Trustee, signed the Promissory Note and Security Agreement.[5]  That same day, Larry McNeill assigned a $7,000,000 life insurance policy from Indianapolis Life[6] -- policy number IL00497280 -- over to

---

[1] Doc. No. 26.

[2] Doc. No. 32.

[3] Doc. Nos. 19, 26.

[4] Doc. No. 18-5.

[5] Doc. No. 18-3.

[6] It appears from the record that Indianapolis Life is affiliated with Aviva Life and Annuity Company.

1

Plaintiff as collateral for the $2,123,717.33 loan. Both Larry McNeill, as "Insured" and James McNeill, as "Trustee," signed the document.[7] The Trust was listed as the "Debtor." Finally, Larry McNeill signed a Guaranty Agreement, which "jointly and severally absolutely and unconditionally guarantees without limitation [the Trust's] full and prompt performance" of its obligations under the loan.[8]

On May 21, 2009, Plaintiff, through its lawyers, issued a notice of default informing the Trust that the "Note matured on January 1, 2009, and is currently past due. The Loan is in default."[9] Plaintiff indicated that the "principal amount owed to the Bank as of the date hereof" was $1,036.278.19.

In an October 2, 2009, letter, Aviva Life and Annuity Company informed Larry McNeill that "[d]ue to a system error . . . Aviva had to change the policy number from IL00497280 to IL00982740."[10] The letter also stated that because of the September 5, 2007, assignment to Plaintiff "the above mentioned policy [has] no cash value available to you," and that Plaintiff "submitted a request to surrender the policy and Aviva entered into a subsequent legal settlement with the Bank."[11] According to an affidavit attached to Plaintiff's reply, on September 2, 2009, Plaintiff "submitted a request to Aviva to surrender the policy." Plaintiff received $280,133.40 in proceeds from the sale of the policy, which was applied to the outstanding debt on the loan.

---

[7]Doc. No. 18-4.

[8]Doc. No. 18-6.

[9]Doc. No. 18-7.

[10]Doc. No. 32-3.

[11]*Id.*

2

...
...
...
...
...

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[12] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[13]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[14] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[15] I must view the facts in the light most favorable to the party opposing the motion.[16] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[17]

---

[12]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[13]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[14]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[15]*Id.* at 728.

[16]*Id.* at 727-28.

[17]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[18]

## III. DISCUSSION

Plaintiff asserts that "the Court need not proceed with trying this case because the undisputed facts present no issue to be tried."[19] According to Plaintiff:

> [t]he undisputed facts demonstrate that One Banc loaned money to the Trust and the loan was guaranteed by Larry R. McNeill. One Banc provided notice to the Trust of its default under the terms of the Note. The Note remains in default and unpaid. Because the Trust failed to honor and fulfill its obligations to One Banc under the Note, such equates to an event of default under the paragraphs 6 and 2 of the Guaranty which, in turn, renders Larry R. McNeill liable for the amounts owed under the Note by the Trust.[20]

On the other hand, Defendant contends that Plaintiff "assigned and sold property, an insurance policy, which had not been assigned for collateral for the loan," and that the policy was sold by Plaintiff as "substantially less than its actual value."[21] According to Defendant, a question of fact remains as to "whether any deficiency actually exists to collect, and, if so, what the amount of such deficiency is."[22] Furthermore, Defendant asserts that "Plaintiff has been fully paid."[23]

From the record, this much is clear: (1) the Trust took out a $2,123,717.33 loan; (2) Larry McNeill signed a Guaranty Agreement; (3) Larry McNeill assigned, as collateral, a $7,000,000 life

---

[18]*Anderson*, 477 U.S. at 248.

[19]Doc. No. 20.

[20]*Id.*

[21]Doc. No. 26.

[22]*Id.*

[23]Doc. No. 25.

insurance policy to Plaintiff; and (4) Plaintiff sold a life insurance policy for $280,133.40, reduced that amount from the balance, and demanded payment on the remaining principle balance.

What remains unclear is whether Policy IL00982740 is the same $7,000,000 policy that was listed in Larry McNeill's Assignment of Life Insurance Policy as Collateral as policy number IL00497280**.** Although Plaintiff attached an October 2, 2009, letter to its motion that asserted that it was the same loan, I'm not satisfied that alone is enough for summary judgment. I realize that there is an accompanying affidavit signed by Mr. Vernon Scott, however, he is Plaintiff's employee, not an employee of Aviva -- and it is Aviva who claims that there was a "system error" that caused the policy numbers to change.

Additionally, it's unclear whether the loan has been paid off. Plaintiff says it has not, but attached only their Notice of Default letter, and Defendants say it has been paid off, but provided no evidence to support their position. Finally, it is unclear (because the parties provided no evidence or law on the subject) whether the policy was sold below market value and whether Plaintiff owed any duty to Defendants to obtain a greater value for the policy.

## CONCLUSION

Based on the findings of fact and conclusions of law above, questions of material fact remain in dispute at this point, and Plaintiff's Motion for Summary Judgment (Doc. No. 18) is DENIED.

IT IS SO ORDERED this 1st day of February, 2010.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE