IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ONE BANK & TRUST, N.A.                                                                              PLAINTIFF

VS.                                          4:09CV00525-WRW

THE LARRY MCNEILL IRREVOCABLE                                                            DEFENDANTS
LIFE INSURANCE TRUST and LARRY R.
MCNEILL, Individually

### ORDER

Pending is Defendants' Motion to Dismiss for Failure to Join an Indispensable Party (Doc. No. 43). Plaintiff has responded.[1] For the reasons set out below, Defendants' Motion is DENIED.

### I.   BACKGROUND

Defendant Larry McNeill created the Larry McNeill Irrevocable Life Insurance Trust. On September 5, 2007, Plaintiff loaned the Trust $2,123,717.33. James McNeill, as Trustee, signed the Promissory Note and Security Agreement.[2] That same day, Larry McNeill assigned a $7,000,000 life insurance policy from Indianapolis Life[3] -- policy number IL00497280 -- over to Plaintiff as collateral for the $2,123,717.33 loan. The Trust was listed as the debtor.

Larry McNeill signed a Guaranty Agreement, which "jointly and severally absolutely and unconditionally guarantees without limitation [the Trust's] full and prompt performance" of its obligations under the loan.[4]

---

[1] Doc. No. 44.

[2] Doc. No. 18-3.

[3] It appears from the record that Indianapolis Life is affiliated with Aviva Life and Annuity Company.

[4] Doc. No. 18-6.

1

On May 21, 2009, Plaintiff, through its lawyers, issued a notice of default informing the Trust that the "[n]ote matured on January 1, 2009, and is currently past due. The Loan is in default."[5] Plaintiff indicated that the principal amount owed to the Bank as of that date was $1,036.278.19. This is an action to collect on the loan.

Defendants assert the Burgess Group, an insurance broker, acted on behalf of Plaintiff and represented to Larry McNeill that the loan could not be enforced against him. Defendants also assert that the Burgess Group, acting on behalf of Plaintiff, represented to Larry McNeill that his personal guarantee of the loan did not and could not create an obligation making the proceeds on the assigned policy available for payment in discharge of the loan.[6] Defendants contend that the Burgess Group is an indispensable party. Plaintiff disagrees.

## II.    DISCUSSION

Rule 19(a) of the Federal Rules of Civil Procedure governs joinder of required parties. That rule reads:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>       (i) as a practical matter impair or impede the person's ability to protect the interest; or
>       (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.[7]

---

[5]Doc. No. 18-7.

[6]Doc. No. 43.

[7]Fed. R. Civ. P. 19.

There is nothing in the record establishing that the Court cannot accord complete relief without the Burgess Group, or that the Burgess Group claims an interest in this action. The Burgess Group was not a party to any contract. The Court is unaware of any writing linking Plaintiff and the Burgess Group. Defendants cite to certain declarations of Larry McNeill, but neither attached any declarations to their Motion nor directed the Court to any earlier filing where the declarations were filed. Accordingly, Defendants' Motion (Doc. No. 43) is DENIED.

IT IS SO ORDERED this 28th day of May, 2010.

/s/ Wm. R. Wilson, Jr._____
UNITED STATES DISTRICT JUDGE